FILED

NOV 15 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-35824 |
| Plaintiff - Appellee, | D.C. No. 6:98-cv-00003-CCL |
| v. | |
| ASARCO, LLC, f/k/a ASARCO Inc., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, Senior District Judge, Presiding

Argued and Submitted October 13, 2011
Portland, Oregon

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: BERZON and N.R. SMITH, Circuit Judges, and SMITH, District Judge.<sup>**</sup>

ASARCO appeals the district court's denial of its motion to terminate the East Helena CAMU Trust ("CAMU Trust") and grant of summary judgment in favor of the United States. We affirm.

The CAMU Trust is an irrevocable trust, established by ASARCO pursuant to a 1998 consent decree. The trust's stated purpose is to "provide all or part of such financial assurance for certain of the work," and the agreement directs the trustee to "reimburse the Grantor [ASARCO] *or other persons . . .* for corrective action expenditures . . ." (emphasis added). Attached to the trust agreement is a schedule of work and costs for a Corrective Action Management Unit (CAMU) Phase 2 Cell. The work on that cell has yet to be completed, and funds remain in the trust. Accordingly, the trust's purpose has not been fulfilled or become impossible to fulfill, and the trust does not terminate as a matter of Montana law. *See* Mont. Code Ann. § 72-33-411(1); *see also Testamentary Trust of Child*, 457 P.2d 447, 452 (Mont. 1969).

The fact that a subsequent bankruptcy settlement agreement resolved any remaining or future liability on ASARCO's part for that work also has no bearing

---

** The Honorable William E. Smith, District Judge for the U.S. District Court for the District of Rhode Island, sitting by designation.

on the trust's termination, since the trust's language is clear that the trustee is to reimburse ASARCO "or other persons" for work done on the CAMU Phase 2 Cell. Similarly, that the bankruptcy settlement agreement established a separate trust to fund cleanup activities at various locations, including at the East Helena site, which trust's funds could be used by the government for the CAMU Phase 2 Cell, also has no bearing on the CAMU Trust's termination. The CAMU Trust's purpose is clear, and it has not been fulfilled or become impossible to fulfill as a result of any provision in the bankruptcy settlement agreement. *See* Mont. Code Ann. § 72-33-411(1); *see also Testamentary Trust of Child*, 457 P.2d at 452.

**AFFIRMED.**